(May 29, 1920.)

STATE, Respondent, v. J. N. McBRIDE, Appellant.

[190 Pac. 247.]

CRIMINAL LAW — INTOXICATING LIQUORS — PLEADING AND PRACTICE — STATUTORY CONSTRUCTION.

1. A departure from the form or mode prescribed in the code respecting pleadings and proceedings in criminal cases or mistakes and errors therein which do not tend to prejudice the substantial rights of the defendant will not justify the reversal of a judgment of conviction.

2. The rule that statutes *in pari materia* should be construed together applies with peculiar force to those passed at the same session of the legislature.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Appellant was convicted of having intoxicating liquor in his possession unlawfully. *Affirmed.*

M. H. Eustace, for Appellant.

An information which charges more than one offense is defective. (Sec. 7681, Ida. Rev. Codes; *State v. Gruber,* 19 Ida. 692, 115 Pac. 1; *Clarke v. State,* 5 Okl. Cr. 704, 115 Pac. 377; *Grant v. State,* 6 Okl. Cr. 172, 117 Pac. 1100; *Kimbrell v. State,* 7 Okl. Cr. 354, 123 Pac. 1027; *State v. Dodd,* 84 Wash. 436, 147 Pac. 9; *Stahl v. State,* 67 Kan. 864, 74 Pac. 238; *Sturgis v. State,* 2 Okl. Cr. 362, 102 Pac. 57.)

A subsequent statute, which is clearly repugnant to a prior statute, necessarily repeals the former, although it may not do so in terms, and even if the subsequent statute is not repugnant in all its provisions to the prior one, yet if the later statute was clearly intended to provide the only rule that should govern in the case provided for, it repeals the previous one. (*People v. Lytle,* 1 Ida. 143.)

When an earlier statute is special in the sense that it applies to a single case, of which there are many in the state, and a later statute is general in its operation, applies to all such cases, and is intended to secure uniformity throughout the state, then the earlier statute is repealed by the later. (*Ex parte James,* Okl. Cr. 94, 111 Pac. 947; *Ex parte Williams,* 4 Okl. Cr. 101, 111 Pac. 950.)

The appellants were required to plead to the information but once. After the state had elected to abandon the charge of unlawful transportation contained in the information, the appellant should have been required to again plead to the information. (16 C. J. 329; *People v. Moody,* 69 Cal. 184, 10 Pac. 292; *State v. Hoffman,* 70 Mo. App. 271; *McKay v. State,* 91 Neb. 281, Ann. Cas. 1913B, 1034, 135 N. W. 1024, 39 L. R. A., N. S., 720; *Gaither v. State,* 21 Tex. App. 527, 1 S. W. 456.)

Roy L. Black, Attorney General, and James L. Boone, Assistant, for Respondent.

The prosecuting attorney may include in one information all of the offenses which defendant has committed against the liquor laws of Idaho. (Sec. 2642, C. S.)

The state, through the prosecuting attorney, shall elect as to the offense for which defendant is to be prosecuted and punished and no substantial right of the defendant is affected thereby. (*State v. Gutke*, 25 Ida. 737, 139 Pac. 346; *Andrews v. People*, 117 Ill. 195, 7 N. E. 265; *Big Craft v. People*, 30 Colo. 298, 70 Pac. 417; *State v. Houx*, 109 Mo. 654, 32 Am. St. 686, 19 S. W. 35; Bishop, New Crim. Proc., secs. 425, 454; *Kelly v. People*, 17 Colo. 130, 29 Pac. 805; *Roberts v. People*, 11 Colo. 213, 17 Pac. 637; *People v. Mathews*, 207 Mich. 526, 174 N. W. 532.)

MORGAN, C. J.—Appellant was accused of unlawfully possessing and transporting intoxicating liquor. He demurred to the information on the ground, among others, that more than one offense was charged therein. The demurrer was overruled and, at the trial, he objected to the introduction of any evidence on the same ground. After plea and before the introduction of evidence the following occurred:

By Mr. Eustace: "At this time the defense will ask that the court require the state to elect upon which charge of the information this prosecution will be had. The information charges possession and transportation and a demurrer to this information has been filed and passed upon by this court, and as the information now stands it charges possession and transportation."

By Mr. Stone: "The prosecution in this case elects to stand upon the charge of possession."

Appellant was not called on to again plead and now insists the election by the prosecuting attorney was such a material amendment as to amount to lodging a new information and that, therefore, the case was tried without an issue of fact having been framed.

The plea of not guilty placed in issue every material allegation of the information, including the charge on which the state elected to stand and for which appellant was tried.

If we adopt the theory that the information as filed was defective in that it charged more than one offense, the defect was cured by the state's election. C. S., secs. 9084 and

9191, admonish us to disregard such defects in procedure as are those above mentioned.

Sec. 9084: "After hearing the appeal, the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties."

Sec. 9191: "Neither a departure from the form or mode prescribed by this code in respect to any pleading or proceeding, nor an error or mistake therein, renders it invalid, unless it has actually prejudiced the defendant, or tended to his prejudice in respect to a substantial right."

An act of the thirteenth session of the legislature known as Senate Bill 50, approved February 18, 1915 (Sess. Laws, 1915, chap. 11, p. 41), defines the term "prohibition district" and makes it unlawful for any person to have in his possession or to transport any intoxicating liquor within a prohibition district, unless the same is procured, possessed and transported under a permit therein provided for. The same legislature enacted House Bill 142, approved March 1, 1915 (Sess. Laws, 1915, chap. 28, p. 83), which is as follows:

"Section 1. The manufacture, disposal and transportation of intoxicating liquors for beverage purposes are prohibited in the State of Idaho.

"Section 2. The State of Idaho is hereby constituted a prohibition district, and all statutory provisions now or which may hereafter be in force in prohibition districts, so far as the same are not inconsistent herewith, are made applicable and operative for the enforcement hereof.

"Section. 3. This Act shall be in force and take effect on and after January first, 1916."

Appellant insists that because section 1 of the act above quoted prohibits the manufacture, disposal and transportation of intoxicating liquor for beverage purpose, the portion of chapter 11, *supra,* prohibiting possession of it is repealed by implication and that on November 25, 1916, the date of the commission of the act of which he was convicted, it was not a crime to possess intoxicating liquor.

We said in *Perrault v. Robinson*, 29 Ida. 267, at 275, 158 Pac. 1074, 1076, quoting from *Peavy v. McCombs*, 26 Ida. 143, 140 Pac. 965: "The rule that statutes *in pari materia* should be construed together applies with peculiar force to statutes passed at the same session of the legislature." (25 R. C. L., secs. 167, 168, 169 and 170.)

It cannot be said that the two acts here under consideration are in conflict. When read and construed together they prohibit the manufacture, disposal, transportation and possession of intoxicating liquor in the state of Idaho. (*In re Crane*, 27 Ida. 671, at 694, 151 Pac. 1006.)

Other points are presented in appellant's brief, but we do not find them to be meritorious. The judgment appealed from is affirmed.

Rice and Budge, JJ., concur.