(March 30, 1923.)

## STATE, Respondent, v. JOHN JEANOES, Appellant.

[213 Pac. 1017.]

RAPE—PROOF OF MARITAL RELATION—CONFESSION—ADMISSION OF.

1. The absence of the marital relation is a necessary ingredient in the crime of rape, and must be alleged and proved. This may be done, however, by facts and circumstances from which the conclusion may be drawn, and direct and positive evidence is not necessary.

2. The confession of the accused of the commission of the crime charged, being freely and voluntarily made, and neither induced by the expectation of any promised benefit or advantage nor by the fear of any threatened injury, was properly admitted in evidence.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. O. R. Baum, Judge.

Defendant was convicted of the crime of rape. Judgment *affirmed.*

W. H. Witty, for Appellant.

The circumstances and surroundings under which the written statement purporting to be a confession was caused to be signed by defendant were such as should cause the court to look with grave suspicion on this exhibit. (*State v. Crump,* 5 Ida. 166, 47 Pac. 814.)

A. H. Conner, Attorney General, and James L. Boone, Assistant, for Respondent.

"The act of sexual intercourse may be proved by circumstantial evidence." (*People v. Preston,* 19 Cal. App. 675, 127 Pac. 660; 33 Cyc. 1487, note 18, 1421, note 37.)

Publisher's Note.

1. Criminal responsibility of husband as for rape, or assault to commit rape, on wife, see note in 18 A. L. R. 1063.

"That the prosecutrix was not the wife of the accused at the date of the alleged offense may be proved by circumstantial evidence." (*State v. Cutler*, 15 Ariz. 343, 138 Pac. 1048; *People v. Bonzani*, 24 Cal. App. 549, 141 Pac. 1062; *State v. Powell*, 11 Okl. Cr. 615, 150 Pac. 92; *People v. Allison*, 44 Cal. App. 118, 185 Pac. 992; *State v. Lenord*, 15 Ariz. 137, 137 Pac. 412.)

WM. E. LEE, J.—Appellant was convicted of the crime of statutory rape, alleged to have been committed on or about March 28, 1920, upon the person of a girl sixteen years of age. This appeal is from the judgment.

Appellant assigns as error the insufficiency of the evidence to sustain the judgment, first, in that there is no evidence in the record to prove that appellant and the girl were not husband and wife on the date of the alleged offense, and second, that it is not shown that actual sexual intercourse was indulged in.

With reference to the first contention: We have made a very careful examination of the record in this case to determine whether or not there is sufficient evidence to establish the fact that these parties were not husband and wife when the offense was committed. The mother testified that her daughter and appellant were not husband and wife. She also testified that her daughter had lived with her continuously up to the time of and after the alleged offense, and it was further shown by the evidence of the deputy recorder of Bannock county that appellant, on April 19, 1920, which was about three weeks after the offense was alleged to have been committed, appeared in the recorder's office and made application for the issuance to him of a license to marry the girl. He made an affidavit in support of his application, which was in evidence. The marriage license was not issued because, in the words of the official, "the girl wasn't there to swear to the affidavit."

There is no question but that the absence of the marital relation is a necessary ingredient in the crime of rape. It must be alleged and proved. However, the absence of the

relation may be proved by facts and circumstances from which the conclusion may be drawn. Direct and positive evidence is not necessary.

"In those jurisdictions wherein it is not necessary in a prosecution for rape to allege the nonmarriage of the parties to the act of intercourse, such fact need not be established as a part of the prosecution's case, and even where it is the rule that want of the marriage relation is an essential ingredient of the crime and must be alleged and proved, it is generally held that it is not absolutely necessary to prove that fact by direct and positive testimony; but, like any other fact, it may be proved by facts and circumstances from which the conclusion may be drawn." (22 R. C. L., p. 1221.)

See also to the same effect: *State v. Cutler,* 15 Ariz. 343, 138 Pac. 1048; *People v. Allison,* 44 Cal. App. 118, 185 Pac. 992; *State v. Powell,* 11 Okl. Cr. 615, 150 Pac. 92; *Brenton v. Territory,* 15 Okl. 6, 6 Ann. Cas. 769, 78 Pac. 83; *State v. Lenord,* 15 Ariz. 137, 137 Pac. 412; *State v. May,* 59 Wash. 414, Ann. Cas. 1912B, 113, 109 Pac. 1026.

While it is true in this case that there is no direct or positive evidence, other than the testimony of the mother, that these parties were not husband and wife, still there are sufficient facts and circumstances in evidence which justified the jury in arriving at that conclusion. The girl was referred to by both sides during the course of the trial as "Miss," and subsequent to the date of the alleged offense, she signed her name to a statement, admitted in evidence, as "Miss." They neither lived together, nor held themselves out to the world as husband and wife, and, as shown by the evidence, appellant applied for a marriage license after the offense was alleged to have been committed. These facts and circumstances, taken together, are sufficient to establish the absence of the marital relation at the time of the alleged offense.

Appellant contends that a purported confession, signed by him, State's Exhibit "D," was improperly admitted in evidence, and cites the decision of this court in *State v. Crump,*

5 Ida. 166, 47 Pac. 814, in support of his contention. The decision in the Crump case is not in point in this case. The appellant had been arrested and lodged in the city jail and released on bail. On the same evening that he was arrested and released he was sent for and returned to the courtroom in the city hall. Here he was questioned by the sheriff, in the presence of the county attorney and the chief of police. According to the testimony of the sheriff and county attorney, he admitted the acts of sexual intercourse with the girl. The statement made by appellant was reduced to writing by the county attorney, who read it over to appellant. It was then handed to appellant, who examined and signed it, the sheriff and chief of police signing as witnesses. On the trial the appellant admitted that he had signed the confession, but he contended that he did not understand what he was signing. According to the testimony submitted on the question of the admissibility of the confession, it is apparent that appellant understood what he was doing and that he well knew the contents of the confession when it was read to him and when he signed it. According to the testimony of the sheriff, no threats, promises or inducements were held out to the appellant to secure the confession, and it sufficiently appears from all the evidence that the confession was freely and voluntarily made. (*State v. Nolan,* 31 Ida. 71, 169 Pac. 295.) There was no error in the admission of the confession.

The evidence, as a whole, is conclusive that appellant and the girl together occupied a bed two nights, and that actual sexual intercourse was indulged in at least four times.

We have carefully examined all the other questions raised by counsel for appellant, and are of the opinion that there is no prejudicial error in the record. Appellant had a fair trial. The evidence is amply sufficient to sustain the verdict, and the judgment of the court is therefore affirmed.

Budge, C. J., and McCarthy, J., concur.