556 P.2d 1197

Harry F. MAGNUSON and Colleen B. Magnuson, his wife, Plaintiff-Respondents,

v.

IDAHO STATE TAX COMMISSION, Defendant-Appellant.

No. 12055.

Supreme Court of Idaho.

Dec. 1, 1976.

918

Dean W. Kaplan, Asst. Atty. Gen., Wayne L. Kidwell, Atty. Gen., Boise, for defendant-appellant.

E. L. Miller, of Miller & Knudson, Coeur d'Alene, Woolvin Patten, of LeSourd, Patten, Fleming & Hartung, Seattle, Wash., for plaintiff-respondents.

PER CURIAM:

The State Tax Commission appeals from an order granting summary judgment to taxpayers Harry F. and Colleen B. Magnuson and reversing the Commission's determination of the taxpayers' income tax deficiency for the years 1966 and 1967. The district court ruled that the Commission's action, which was initiated more than three years after the taxpayers' returns were filed, was barred by the statute of limitations on income tax assessments in I.C. § 63–3068(a).[1] The Tax Commission argues that this limitations period was extended under I.C. § 63–3068(c)[2] and its

1. "63–3068. *Period of limitation upon assessment and collection of tax.*—Except as provided in section 63–3070:

"(a) The amount of income taxes imposed by this act shall be assessed within three (3) years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period; provided, however, if an assessment has been made within the prescribed time, such tax may be collected by levy or by a proceeding in court within a period of six (6) years after assessment of the tax and provided, further, that this shall not be in derogation of any of the remedies

elsewhere herein provided. The running of the period of limitations provided by this section shall be suspended for the period during which the state tax commission is prohibited from making the assessment or from collecting by levy or a proceeding in court, and for thirty (30) days thereafter."

2. "63–3068. *Period of limitation upon assessment and collection of tax.*—Except as provided in section 63–3070:

.     .     .     .     .

"(c) When taxable income for any year has been adjusted by federal internal revenue action or by voluntary action on the part of

regulations adopted for the enforcement of those provisions.

We hold that the statute of limitations was extended under I.C. § 63–3068(c) and, that the deficiency assessments by the Tax Commission were not barred. The summary judgment entered by the district court is reversed.

■ I.C. § 63–3068(a) imposes a three year limitations period on the assessment of income taxes by the State Tax Commission, from the date of filing of the tax return. However, if the taxpayer's " . . . taxable income . . . has been adjusted by federal internal revenue action or by voluntary action on the part of the taxpayer, and no corresponding adjustment has been reported by the taxpayer to the state of Idaho, . . ." the Tax Commission may be entitled to a one year extension of the limitations period under the terms of I.C. § 63–3068(c). While this subsection is not a model of draftsmanship, it is clear that the legislature intended[3] to create a one year extension of the limitations period to enable the Tax Commission to correlate its actions with that of the Internal Revenue Service.

Generally, I.C. § 63–3068(c) applies "[w]hen taxable income for any year has been adjusted by federal internal revenue action or by voluntary action on the part of the taxpayer, . . ." If subsection (c) is applicable, the one year extension period "shall be one (1) year from the delivery by the taxpayer to the state tax commission of notice" of a final redetermination of federal tax liability. This notice refers to the obligation imposed on the taxpayer in I.C. § 63–3069[4] to immediately report to the State Tax Commission all final federal tax determinations. It is undisputed that the taxpayers here did comply with this provision and reported Internal Revenue Service adjustments in their federal returns to the State Tax Commission. The difficulty arises in attempting to determine what is meant by that portion of I.C. § 63–3068(c) which reads " . . . and no corresponding adjustment has been reported by the taxpayer to the state of Idaho. . . ." The district court ruled that this phrase referred to the obligatory notice of federal final determinations in I. C. § 63–3069 and therefore, the one year extension provision would not be available unless the taxpayer had failed to give such notice. However, this interpretation would render subsection (c) both a nullity and an absurdity, because if it were interpreted in this way the one year extension would nev-

---

the taxpayer, and no corresponding adjustment has been reported by the taxpayer to the state of Idaho, the limitation upon assessment shall be one (1) year from the delivery by the taxpayer to the state tax commission of notice of final determination thereof together with copies of schedules supplied the taxpayer by the Internal Revenue Service. All items of income and deduction which were adjusted in the federal determination and all allocations and apportionments shall be subject to adjustment for Idaho tax purposes."

3. "63–3002. *Declaration of intent.*—It is the intent of the legislature by the adoption of this act, insofar as possible to make the provisions of the Idaho act identical to the provisions of the Federal Internal Revenue Code relating to the measurement of taxable income, to the end that taxable income reported each taxable year by a taxpayer to the internal revenue service shall be the identical sum reported to this state, subject only to modifications contained in the Idaho law; to achieve this result by the application of the various provisions of the Federal Internal Revenue Code relating to the definition of income, exceptions therefrom, deductions (personal and otherwise), accounting methods, taxation of trusts, estates, partnerships and corporations, basis and other pertinent provisions to gross income as defined therein, resulting in a final amount called 'taxable income' in the Internal Revenue Code; to impose a tax on residents of this state measured by taxable income wherever derived and on the income of nonresidents which is the result of activity within or derived from sources within this state."

4. "63–3069. *Notice of adjustment of federal tax liability.*—Upon final determination of any deficiency or refund of federal taxes written notice shall be immediately sent to the state tax commission by the taxpayer."

er be available because under such an interpretation the one year limitations would run from the date of the taxpayer's report of a final determination to the state, but only if the taxpayer failed to report the final determination to the state—two obviously inconsistent conditions.

We reject that interpretation of the statute. We must attempt to construe this provision consistent with the primary rules of statutory instruction—that all sections of the applicable statutes should be considered and construed together to determine the intent of the legislature, *Janss Corp. v. Board of Equalization of Blaine County,* 93 Idaho 928, 478 P.2d 878 (1970); and that it is incumbent upon a court to give the statute an interpretation that will not in effect nullify it. *Filer Mutual Telephone Co. v. Idaho State Tax Commission,* 76 Idaho 256, 281 P.2d 478 (1955).

As we have noted, the apparent intent of the legislature in enacting the extension of the limitations period in I.C. § 63–3068(c) was to enable the state to correlate its actions with that of the Internal Revenue Service when the taxpayer's taxable income for federal income tax purposes has been redetermined by the Internal Revenue Service. This federal readjustment, as recited in subsection (c), is done either by Internal Revenue Service action or by voluntary action by the taxpayer. We read "voluntary action on the part of the taxpayer" as referring to situations when the taxpayer has voluntarily filed an amended federal return, and we agree with the Tax Commission that "and no corresponding adjustment has been reported by the taxpayer to the state of Idaho" refers to the filing of a corresponding amended return by the taxpayer with the State Tax Commission. Thus, read as a whole, I.C. § 63–3068(c) will operate to extend the statute of limitations on assessments by the state when the taxpayer's taxable income has been readjusted for federal income tax purposes and the taxpayer does not file an amended return with the state. The State Tax Commission will have one year dating from the giving of notice to the Tax Commission of the final determination of the taxpayer's federal income tax liability in which to assess the taxpayer's income tax liability to the state of Idaho.[5] This interpretation of the statute is consonant with the policy of the legislature expressed in I.C. § 63–3002 "to make the provisions of the Idaho act identical to the provisions of the federal internal revenue code relating to the measurement of taxable income, . . . " and perserves the one year extension of the limitations period in subsection (c) rather than nullifying it.

The judgment of the district court is reversed. Costs to appellants.

5. Idaho State Tax Commission Regulation 68(c) provides:

"Federal Adjustments.—Idaho Code sec. 63–3069 requires the taxpayer to report all adjustments of his federal taxable income to the State of Idaho. If such federal adjustment or an adjustment by voluntary action of the taxpayer is not reported by the taxpayer to the Commission, the period of limitations does not begin. If the adjustment is reported by the taxpayer to the Commission, the assessment period is limited to one (1) year from the date the notice is received by the Commission."