603 P.2d 992

**The STATE of Idaho, Plaintiff-Respondent,**

v.

**David VARGAS, Defendant-Appellant.**

**No. 13098.**

Supreme Court of Idaho.

Dec. 3, 1979.

Klaus Wiebe, Ada County Public Defender and Alan E. Trimming, Boise, for defendant-appellant.

David H. Leroy, Atty. Gen., Lynn E. Thomas and Michael B. Kennedy, Deputy Attys. Gen., Boise, for plaintiff-respondent.

Before DONALDSON, C. J., SHEPARD and BAKES, JJ., and THOMAS and MAYNARD, JJ., Pro Tem.

PER CURIAM.

On April 13, 1978, defendant-appellant Vargas and Stephen Anderson engaged in a heated verbal exchange at an establishment in Boise, Idaho. Appellant then left the establishment, followed by Anderson. Outside, a confrontation took place which caused appellant to believe the two were about to "get it on." At that point, appellant obtained a pistol from a vehicle and, while advancing toward Anderson, asked if he were "ready to get into it." Anderson then pushed a witness, Barbara Price, back through the door of the bar, stating, "The guy's got a gun. Go in and call the police." Appellant then entered a car driven by another. Anderson testified that as it accelerated from the parking lot, he saw appellant pointing a pistol from the passenger window toward him in such a manner that he thought he was "dead for sure." Anderson testified he dived to the ground and from that position heard a shot. Two other witnesses testified they heard the shot also. Shortly thereafter, the police stopped appellant and his companion in a vehicle matching the description of that in which they left the bar. Beneath the passenger seat were a .22 caliber automatic pistol and a .38 caliber revolver. Both weapons were loaded.

Appellant was tried on the charge of assault with a deadly weapon with the use of a firearm. At the close of the state's case, appellant moved for judgment of acquittal pursuant to I.C.R. 29(a). The motion was denied, and appellant was convicted. He was sentenced to two years on the assault charge and three years for use of a firearm in the commission of a felony, the sentences to run consecutively. The entire sentence was commuted to nine months in the Ada County jail.

Appellant appeals from his conviction and sentence, urging the trial court erred in denying his motion for judgment of acquittal. The contention is without merit. A motion for judgment of acquittal must be granted only when there is no evidence upon which to base a verdict of guilt. Therefore, such directed verdicts are limited to cases involving total lack of inculpatory evidence. *State v. O'Bryan*, 96 Idaho 548, 531 P.2d 1193 (1975). Contrary to appellant's assertion, there is abundant competent and substantial evidence in the record to support a conviction on the offenses charged. The trial court did not err in denying the motion for judgment of acquittal at the close of the state's case.