665 P.2d 1053

STATE of Idaho, Plaintiff-Appellant,

v.

Orval Edward HUGGINS, Jr., Defendant-Respondent.

No. 14770.

Supreme Court of Idaho.

June 22, 1983.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., and Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-appellant.

Bert L. Osborn, Payette, for defendant-respondent.

SHEPARD, Justice.

This is an appeal by the State from a Court of Appeals decision affirming a judgment of acquittal of a defendant charged with assault with intent to rape.[1] The sole issue is whether, under the circumstances of the instant case, the State bears the burden of proving the absence of a marriage status between the victim and the defendant. We granted review since the question is one of first impression in Idaho under our *present* statutes. We reverse but note that the Court of Appeals held that the State is barred under double jeopardy principles from retrying the defendant, and, since the State has not raised that ruling as error, the State is foreclosed from reprosecuting the defendant. In a sense, our opinion today is advisory.

At trial, the prosecution introduced evidence that the defendant had attempted forced sexual intercourse with the victim. Evidence also indicated that at some time prior to the alleged assault the defendant Huggins and the victim had evidently lived together and, in fact, Huggins was the father of one of the victim's children. After the prosecution rested its case, defendant put on no evidence and moved for a dismissal of the charges. Huggins stated among his reasons that the State had failed to prove the lack of a marital relationship between the victim and himself, citing *State v. Jeanoes*, 36 Idaho 810, 213 P. 1017 (1923). The trial court agreed with Huggins on the basis that a necessary element of the charge had not been proved. The prosecution then moved to reopen its case, which motion was denied. The jury, which was in recess, was then recalled and dismissed. That ruling of the trial court was affirmed by the Court of Appeals, *State v. Huggins*, 103 Idaho 422, 648 P.2d 1135 (Idaho Ct.App.1982).

The district court and the Court of Appeals opinions were based upon *State v. Jeanoes*, 36 Idaho 810, 213 P. 1017 (1923), which involves the issue as to whether nonmarriage in a rape case could be proved by indirect evidence and testimony. The then-existing statute defined rape as: "an act of sexual intercourse accomplished with a female not the wife of the perpetrator, under either of the following circumstances . . . ." Idaho Comp.Stat. § 8262 (1919). The court in *Jeanoes* stated: "There is no question but that the absence of the marital relation is a necessary ingredient in the crime of rape. It must be alleged and proved." 36 Idaho at 811, 213 P. at 1018. The decision in *Jeanoes* was premised on two holdings: that the legislature, in enacting the rape statute, intended nonmarriage to be an element of the offense and that each element of a criminal offense must be proved by the prosecution.

Our rape statute was amended in 1977. I.C. § 18–6101 now defines rape as "an act of sexual intercourse accomplished with a female under either of the following circumstances . . . ;" it makes no reference to a marital relationship. However, I.C. § 18–6107 provides:

"Rape of spouse.—No person shall be convicted of rape for any act or acts with that person's spouse, except as provided hereafter:

1. A spouse has initiated legal proceedings for divorce or legal separation; or

2. The spouses have voluntarily been living apart for one hundred eighty (180) days or more."

We note initially that the United States Supreme Court has made clear that the burden of proof is upon the prosecution to show every element of the crime charged. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970), stated: "we explicitly hold that the Due Process clause protects the accused against conviction except upon proof beyond a reasonable

---

1. As noted by the Court of Appeals, assault with intent to commit rape is a lesser included offense of rape and hence the State, in prose-

cuting such an assault, must prove all the elements of rape except penetration.

doubt of every fact necessary to constitute the crime with which he is charged." *See also Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977); *Strong v. State,* 246 Ga. 612, 272 S.E.2d 281 (1980); *State v. Gilcrist,* 25 Wash.App. 327, 606 P.2d 716 (1980); *State v. Patton,* 183 Mont. 417, 600 P.2d 194 (1979).

In the instant case we must consider the impact of our legislature's removal of nonmarriage as an element in the statute defining rape when coupled with the enactment of I.C. § 18–6107 which authorizes, under certain circumstances, a man to be convicted of raping his wife. The Court of Appeals held that a prosecution for rape can only result in a conviction when the prosecution has alleged and proved the absence of a marital relationship between the accused and the victim or under circumstances where the exceptions set forth in I.C. § 18–6107 are applicable. We disagree with the Court of Appeals' view of legislative intent in the amendment of our statutes pertaining to the crime of rape. We deem it clear that our legislature intended that nonmarriage should no longer be a necessary element of proof in the crime of rape. Our conclusion is demonstrated by the action of the legislature in permitting, in certain circumstances, an accused to be convicted of raping his wife.

Idaho is not unique in its statutory scheme defining rape in one statutory provision without any consideration of a marital relationship between a victim and an accused, and in another provision permitting an accused to assert the existence of such marital relationship by way of a defense. In those jurisdictions embodying statutory schemes similar to Idaho, we find no court which has required proof of nonmarriage as an element of the crime. *See Mayes v. State,* 50 Md.App. 628, 440 A.2d 1093 (1982); *State v. Pearce,* 296 N.C. 281, 250 S.E.2d 640 (1979); *Gates v. State,* 91 Wis.2d 512, 283 N.W.2d 474 (Wis.Ct.App. 1979); *Rogers v. State,* 267 Ind. 654, 373 N.E.2d 125 (1978); *State v. Goss,* 293 N.C. 147, 235 S.E.2d 844 (1977); *State v. Banks,* 31 N.C.App. 667, 230 S. E.2d 429 (1976); *Sanchez v. State,* 567 P.2d 270 (Wyo.1977).

While at least two states have enacted similar statutory schemes expressly stating that nonmarriage is to be an affirmative defense to the crime of rape, Alaska Stat. § 11.41.445 (1980); Me.Rev.Stat.Anno. tit. 17–A § 252(1) (1983), the only court decision dealing with the question presented in the case at bar and in which a similar statutory scheme exists appears to be *Rogers v. State,* 267 Ind. 654, 373 N.E.2d 125 at 127 (1978), which stated:

> "None of the [Indiana authorities] makes nonmarriage an essential element of the offense. As to a defense, a defendant is generally required to put the defense in issue by some means himself, as, for example, by introducing evidence or by specially pleading."

We hold, therefore, that under Idaho's current statutory scheme relating to rape, nonmarriage is not an essential element of the crime of rape; rather, the existence of a marital status between the victim and the accused is an affirmative defense which must be placed in issue by the accused. We, however, agree with the Court of Appeals that although the existence of a marital relationship between the victim and the accused was an affirmative defense ordinarily to be raised by the defendant, in the instant case the prosecution in its case in chief introduced sufficient evidence which could not but raise a reasonable doubt in the minds of the jury as to whether the victim and the accused were or were not married at the time of the alleged offense. We also agree with the Court of Appeals' well-reasoned analysis of the State's assertion that the trial court erred in refusing to allow the prosecution to reopen its case, but agree with the observation of the Court of Appeals that res judicata has made the trial court's decision irreversible.

The decision of the Court of Appeals which affirmed the judgment of acquittal is affirmed. The holding of the Court of Appeals insofar as it requires the prosecution to plead and prove the non-existence of a marital status between an accused and a

victim is modified in accordance with the foregoing opinion.

DONALDSON, C.J., and BAKES, BIST-LINE and HUNTLEY, JJ., concur.