768 P.2d 827

**Kenneth F. WHITE and Carol S. White, husband and wife, Plaintiffs–Appellants,**

**v.**

**The UNIVERSITY OF IDAHO and Richard Neher, Defendants–Respondents.**

No. 17292.

Court of Appeals of Idaho.

Feb. 3, 1989.

Petition for Review Granted March 30, 1989.

L. Kim McDonald, Nampa and Harry M. Philo (argued), Detroit, Mich., for plaintiffs-appellants.

Richard Stubbs of Quane, Smith, Howard & Hull, Boise, for defendant-respondent, University of Idaho.

Bobbie K. Dominick of Elam, Burke & Boyd, Boise, for defendant-respondent, Richard Neher.

PER CURIAM.

Carol and Kenneth White brought this action on a tort claim against the University of Idaho and Professor Richard Neher, alleging that the professor had caused injuries to Carol White. The district court granted the University's motion for summary judgment holding that, under the Idaho Tort Claims Act, a governmental entity

has no liability "for any claim which ... [a]rises out of ... battery" committed by an employee. I.C. § 6–904(3).[1] The Whites' appeal presents a single issue of law: whether Professor Neher's intentional and unpermitted touching of Mrs. White constituted a battery. We agree with the district court that it did and we affirm.

Summary judgment is an appropriate way to resolve this case. There are no genuine issues of material fact; the case simply calls for the application of law to undisputed facts. I.R.C.P. 56(c). In such cases we exercise free review.

Professor Neher and Mrs. White had long been acquainted because of their mutual interest in music, specifically, the piano. Professor Neher was a social guest at the Whites' home when the incident here occurred. One morning Mrs. White was seated at a counter writing a resume for inclusion in the University's music department newsletter. Unanticipated by Mrs. White, Professor Neher walked up behind her and touched her back with both of his hands in a movement later described as one a pianist would make in striking and lifting the fingers from a keyboard. The resulting contact generated unexpectedly harmful injuries, according to the Whites. For purposes of summary judgment, we deem these allegations to be true. Mrs. White suffered thoracic outlet syndrome on the right side of her body, requiring the removal of the first rib on the right side. She also experienced scarring of the brachial plexus nerve which necessitated the severing of the scalenus anterior muscles.

Both Professor Neher and Mrs. White gave deposition testimony which is summarized as follows. Professor Neher stated he intentionally touched Mrs. White's back, but his purpose was to demonstrate the sensation of this particular movement by a pianist, not to cause any harm. Professor Neher explained that he has occasionally used this contact method in teaching his piano students. Mrs. White said Professor

Neher's act took her by surprise and was non-consensual. Mrs. White further remarked that she would not have consented to such contact and that she found it offensive. The Whites argue that because Professor Neher did not intend to cause harm, injury or offensive contact, his act constitutes negligence rather than the intentional tort of battery. We disagree.

The tort of battery requires intentional bodily contact which is either harmful or offensive. *Doe v. Durtschi*, 110 Idaho 466, 716 P.2d 1238 (1986) (citing RESTATEMENT (SECOND) OF TORTS § 13 (1965)). The intent element of the tort of battery does not require a desire or purpose to bring about a specific result or injury; it is satisfied if the actor's affirmative act causes an intended contact which is unpermitted and which is harmful or offensive. *See Rajspic v. National Mutual Ins. Co.*, 110 Idaho 729, 718 P.2d 1167 (1986); RESTATEMENT (SECOND) OF TORTS §§ 8A, 16, 18 and 20 (1965). Indeed, the contact and its result may be physically harmless. Thus, a person may commit a battery when intending only a joke, or a compliment—where an unappreciated kiss is bestowed without consent, or a misguided effort is made to render assistance. PROSSER & KEATON, THE LAW OF TORTS §§ 8, 9 (5th ed. 1984).

It is undisputed that Professor Neher intended to touch Mrs. White, though he did not intend to cause harm or injury. His lack of any specific intent to harm or injure Mrs. White is immaterial. Professor Neher's affirmative act caused an intended contact which was unpermitted, offensive and, apparently, harmful. Such voluntary contact constitutes the tort of battery. Accordingly, the district court's grant of summary judgment is affirmed. Costs to the University of Idaho. No attorney fees on appeal.

---

1. An employee may also enjoy immunity under this section if acting within the course and scope of his employment. The district court's summary judgment order—certified as final for purposes of appeal, I.R.C.P. 54(b)—expressly did not decide whether Professor Neher was acting within the scope of his employment.