# REPORTS OF CASES

### DETERMINED IN

# THE SUPREME COURT

#### OF THE

# STATE OF NEVADA

## JULY TERM, 1908

[No. 1747.]

STATE OF NEVADA, RESPONDENT, *v.* BUCKAROO JACK, APPELLANT.

1. INDIANS—CRIMINAL LAW—JURISDICTION. Under act of February 20, 1885 (Comp. Laws, 4655), extending all criminal laws to and over all Indians, excepting offenses committed upon a reservation by one Indian against another, and under the act of Congress, March 3, 1885, c. 341 (23 Stats. U. S. 385, sec. 9), making Indians committing, against another Indian, murder or other designated crimes, on any reservation in a state, subject to the laws governing other persons committing such offenses within the exclusive jurisdiction of the United States, it is not necessary for the indictment against one Indian for an offense against another, to charge, or that the state prove, that the offense was committed off a reservation, since it is not necessary that a state prosecution negative the federal jurisdiction, nor for the state to prove more than that the offense was committed within the county.

2. SAME—EVIDENCE—SUFFICIENCY. That a homicide occurred at a house about a quarter of a mile from an Indian day school is insufficient to show that it occurred on a reservation.

3. SAME—BURDEN OF PROOF. The burden is on an Indian accused by the state of an offense against another Indian to show that the offense was committed on a reservation, so as to give the federal courts exclusive jurisdiction, under the act of Nevada of 1885 ( Comp. Laws, 4655), and the act of Congress of March 3, 1885, c. 341 (23 Stats. U. S. 385, sec. 9), excepting in cases where judicial notice will be taken of the existence of a lawfully established and defined Indian reservation.

APPEAL from the District, Court of the Second Judicial District of the State of Nevada, Humboldt County; *W. H. A. Pike*, Judge.

The defendant was convicted of murder in the first degree, and he appeals.  **Affirmed.**

The facts sufficiently appear in the opinion.

*M. S. Bonnifield* and *S. J. Bonnifield*, for Appellant:

I.  It appears by the evidence introduced in this case on the part of the plaintiff that the defendant is an Indian of the Piute tribe and that the alleged deceased, Lotta, alleged to have been murdered by the defendant, was an Indian woman of the same tribe, and it is not shown by said evidence, or any evidence, or otherwise, nor does it appear by any allegation of the indictment that the alleged offense was not committed upon an Indian reservation.  Prior to the enactment of section 4655, Compiled Laws of the State of Nevada, the courts of this state had no jurisdiction over offenses such as shown here, whether committed on or off an Indian reservation.  (*State* v. *McKenney*, 18 Nev. 182; *United States* v. *Kagama*, 118 U. S. 375.)  Said section 4655 confers on the state courts special and limited jurisdiction with respect to this class of cases.  The facts conferring jurisdiction must affirmatively appear by allegation and proof in the record.  From the facts disclosed herein, as aforesaid, it conclusively appears that this court has no jurisdiction to further proceed in this case.

II.  If the criminal character of an act depends upon the locality in which it is committed the allegation of place becomes material and does not then merely determine the venue, but furnishes an essential feature in the description of the offense and must be accurately laid, and matter of local description must be proved.  The sufficiency of the description of such place depends upon the relation of the place to the particular offense with which it is connected.  (10 Ency. Pl. & Pr. 529–30, and notes.)  The criminal character of the act of the defendant, he being an Indian, and the act being committed against the person of another Indian, depends

upon the act having been committed outside of an Indian
reservation. If not so committed it is no offense against the
laws of this state, although committed within the boundary
lines of Humboldt County. Prior to the act of Congress,
March 3, 1885 (23 Stats. U. S. 385, sec. 9), Indians preserv-
ing their tribal relations were permitted by the government
to regulate and govern their own internal relations and the
federal courts had no jurisdiction over offenses committed by
one Indian against the person or property of another, when
committed on an Indian reservation. (*United States* v. *Waley*,
15 Fed. 145.) By the above act the federal courts were vested
with jurisdiction over offenses committed by one Indian
against another Indian on an Indian reservation. It is held
in *United States* v. *Ward*, 42 Fed. 300, that in such case the
indictment must allege that the defendant is an Indian; also
it is held that such averment is material and must be proved
as laid. In the case at bar, both parties to the tragedy being
Indians, it was essential for the plaintiff to show, if not by
both allegation and proof, at least by proof, that the alleged
offense was committed off an Indian reservation. If not so
committed, it was not committed within the territorial juris-
diction of the court.

III. The theory of the defendant is that it devolved upon
the plaintiff to prove all facts essential to give the court
jurisdiction; that in the absence of evidence tending to prove
such facts, the case should have been dismissed on the
defendant's motion above named, and that the court erred in
denying said motion; that the alleged offense was committed
off an Indian reservation must be shown by the plaintiff, in
order to give the court jurisdiction. The defendant, at the
proper time, made his motion in arrest of judgment, on the
grounds therein stated. The court erred in denying the
motion.

IV. The fact that the alleged offense was committed by
an Indian, the defendant, against Lotta, an Indian woman,
is established by the testimony of the plaintiff's witness, and
the fact that the alleged offense was committed at Ox Sam's
house is likewise so established, and the fact that said house
is near the Indian school on the reservation, is testified to by

the plaintiff's witness, W. H. Minor, and is not controverted by anything in the record. "Before a conviction can be had in any case, three propositions must be affirmatively made out by the prosecution: (1) That the offense charged in the indictment has been committed; (2) that it was committed within the territorial jurisdiction of the court and grand jury where the indictment was found; (3) that the party on trial was the offender. A failure to introduce satisfactory evidence on either of these points before the case is finally submitted to the jury, is fatal to the prosecution." (*People* v. *Gleason*, 1 Nev. 176.) The court and grand jury had no jurisdiction in the case at bar, unless the offense was committed off an Indian reservation, although within Humboldt County. The absence of evidence on this point is fatal to the prosecution.

*R. C. Stoddard*, Attorney-General, for Respondent:

I. The district courts of this state are courts of general jurisdiction. This jurisdiction is secured by the Constitution, and established and defined by statute. Section 2528 of the Compiled Laws provides: "The district courts shall have jurisdiction to inquire, by the intervention of the grand jury, of all public offenses committed or triable in their respective districts, to try and determine all indictments found therein," etc. This is a general act and it clearly confers general jurisdiction upon the district courts of this state. In addition to this last-mentioned section, section 4655, *supra*, if it does anything, enlarges the general jurisdiction of the district courts in the class of cases to which it appertains. Should it be maintained that this latter section confers a jurisdiction that did not already exist, it being a general act relating to all crimes, it necessarily confers a general jurisdiction and nothing less.

II. While it is true that this section makes a saving or exception, that saving or exception is one of procedure, and does not constitute, nor attempt to constitute, an element of the definition of the crime of murder, or of any other crimes. It refers to all existing crimes, that is, crimes already else-

where defined, and does not enlarge or restrict their respective definitions.

III.   When a court has general jurisdiction, as it had here, any facts which would change the forum for the trial, if they exist, need not be alleged or proved by the state; but if the state proceeds to trial, as if they did not exist, it is incumbent on the defendant, should he avail himself of them, to fully prove these facts, and thereby divest the court of jurisdiction to try the case.   If he fail to take this course, he cannot be heard to complain, for he has waived a privilege, or, at most, an inchoate right, and nothing more, and the judgment of the court is binding and valid, under the same principle and theory that plea of once in jeopardy, motions for change of venue, statutes of limitations, or other pleas in bar are waived, if not pleaded and proved by the defendant, and judgments given and made in their absence are binding and valid as aforesaid.   The indictment herein, alleging all necessary averments, laid a crime before a court of criminal jurisdiction.   Pursuant to the powers therein vested, the court proceeded to and did try the defendant.   If the defendant defaulted at the trial in pleading and proving his good and substantial defense to the jurisdiction, it being incumbent upon him to do as aforesaid, he is estopped from asserting that defense before this tribunal.   The state fully established its case as alleged in the indictment, and its duty there ceased. The burden then shifted to the defendant, who failed to take· it up, as the record shows.

IV.   We come now to this phase of defendant's objection to the jurisdiction:   Counsel argue that "it was essential for plaintiff to show, if not by allegation and proof, at least by proof, that the offense was committed off an Indian reservation."   We are at a loss to understand how this proposition is seriously advanced.   The books are replete with authorities to the effect that in certain cases a plaintiff must allege certain matters, but he need not prove them.   Nowhere have we found that he must prove what he is not required to allege, or, in other words, that the proof must be broader than the issue.  As evidence must be competent and confined to the

point in issue, and as it is sufficient only if the substance alleged be proved, it is apparent that if proof were required of facts not required to be alleged, or of issues not raised, the most fundamental principles of pleading and practice would be violated, and trials, instead of being conducted orderly and according to the allegations and issues raised, would proceed without a fixity of judicial control and terminate in an inextricable maze. We have been moved to such extended argument out of deference to the seriousness with which counsel have presented these objections to the consideration of the court. As stated hereinabove, mere citation of authority is sufficient, and we believe that this tribunal will so hold. (*State* v. *Ah Chew*, 16 Nev. 53; *People* v. *Collins*, 105 Cal. 504; *State* v. *Spotted Hawk*, 22 Mont. 33; *Territory* v. *Burns*, 6 Mont. 72; *State* v. *Tully*, 3 Am. & Eng. Ann. C. 824; *Pablo* v. *People*, 37 L. R. A. 636; *State* v. *Williams*, 13 Wash. 335; *Hunt* v. *State*, 4 Kan. 60; *United States* v. *Yellow Sun*, 1 Dill. 271; *Ward* v. *Race Horse*, 163 U. S. 504; *Re Wolf*, 27 Fed. 606; *U. S.* v. *Cook*, 17 Wall. 168; *Territory* v. *Scott*, 2 Dak. 212; *People* v. *Nugent*, 4 Cal. 34; *Foster* v. *People*, 1 Colo. 294; *Comm.* v. *Hart*, 11 Cush. 137; *Comm.* v. *Jennings*, 129 Mass. 49; *Comm.* v. *Byrnes*, 126 Mass. 249; *Comm.* v. *McCalnahan*, 2 Metc. Ky. 8; *Fleming* v. *People*, 27 N. Y. 329; *Lee Doon* v. *Tesh*, 68 Cal. 43; *Bode* v. *Trimmer*, 82 Cal. 513.) To summarize: We have to submit that the argument and authorities hereinabove set forth make it plain that the district court had jurisdiction of the case. It is needless to comment further on the alleged insufficiency of the indictment, and, for a greater reason, it is needless to comment on the alleged failure of the state to present evidence that the murder was not committed on a reservation, especially since these authorities guided by reason have laid down the rule that the alleged insufficiency of the indictment, and the alleged failure of the state to present the proof excepted to, are pure matters of defense, and are waived if not taken advantage of by the litigant relying upon them.

V. The assignment of error states that there is evidence tending to show that the offense was committed on an Indian reservation. The evidence neither shows nor tends to show

any such thing. The evidence does not tend to show, but it conclusively establishes the fact that Buckaroo Jack murdered Lotta, in Humboldt County, Nevada, at a hut or cabin belonging to Ox Sam, stated to be near, not on, the lands known as Fort McDermitt. The evidence nowhere bounds, describes or identifies these lands. Such evidence, then, only proves that the crime was committed within the general jurisdiction of the court.

*M. S. Bonnifield* and *S. J. Bonnifield*, for Appellant, in reply:

I. Prior to the enactment of the act of February, 1885 (Comp. Laws, 4655), the state courts had no jurisdiction over offenses committed by one Indian against the person or property of another Indian, whether such offense was committed on or off an Indian reservation. By that act the legislature declared the criminal laws of the state applicable to such offenses within certain defined boundaries within the state other than where committed as above stated, in which case their jurisdiction was defined and limited to a certain specified area. Within this area, as to such offenses they had jurisdiction; without it, none whatever. Now, we insist that, as to this class of cases, the jurisdiction of the district courts is special and limited, and that where it is shown, as here, that the offense was one committed by one Indian against the person of another Indian the state must also show the commission in the territory over which the court has jurisdiction. It is a matter of proof and not of presumption.

II. It is insisted by the attorney-general that it was only necessary for the state to prove that the offense, though committed by an Indian upon an Indian, was committed within Humboldt County, and that the burden was then cast upon the defendant to prove that the act was not committed in the court's jurisdiction; in other words, he must accuse himself, furnish proof that he committed the offense and at a certain place outside the jurisdiction of the court, and this latter proof, as was announced by the learned judge who presided at the trial near its beginning, must be docu-

mentary proof. Then the defendant must admit his guilt of the offense charged, and furnish documentary proof of the place where he committed it. There is no law or rule of law requiring such an absurdity as this. The contention of the attorney-general, that section 2528 confers jurisdiction on the state courts in cases such as the case at bar, is not tenable. When that section was enacted the state courts had no jurisdiction of any offense committed by one Indian against another as above stated, and no act of the legislature could have conferred any such jurisdiction, and the legislature has never attempted to confer jurisdiction upon the state courts over offenses committed by one Indian against another Indian unless the offense be committed without an Indian reservation. We submit that it is not in the history of jurisprudence of civilization where facts have been suppressed by the indictment in order to smuggle jurisdiction on courts, as it seemingly has been done in this case.

By the Court, NORCROSS, J.:

Appellant was indicted in the Second Judicial District Court in and for Humboldt County for the crime of murder, the indictment alleging that on the 10th day of April, 1907, he murdered a human being, commonly known by the name of "Lotta," whose real name was to the grand jury unknown. Appellant interposed a plea of not guilty, was tried for the offense, and on the 17th day of October, 1907, the jury returned a verdict of guilty of murder in the first degree, and fixed the penalty at death. Judgment in accordance with the verdict was thereupon duly entered.

Motions were made to dismiss the proceeding, and in arrest of judgment, upon the ground that the court had no jurisdiction of the case, because the proof showed that both the defendant and the person killed were Indians, and that the indictment did not allege, nor the proof show, that the offense was not committed on an Indian reservation. The question of jurisdiction is the only one presented upon the record. Prior to 1885, the courts of this state were without jurisdiction to punish for an offense committed by one Indian against another Indian, whether the offense was committed on or

off an Indian reservation. (*State* v. *McKenney*, 18 Nev. 182.)

The legislature of 1885 passed an act entitled "An act extending the criminal laws of this state to and over Indians therein." The act contains but one section, and reads as follows: "All the laws of this state concerning crimes and punishments, or applicable thereto, and all the laws of this state concerning procedure or applicable thereto, are hereby extended to and over all Indians in this state, whether such Indians be on or off an Indian reservation, and all of said laws are hereby declared to be applicable to all crimes committed by Indians within this state, whether committed on or off an Indian reservation, save and except an offense committed upon an Indian reservation by one Indian against the person or property of another Indian." (Comp. Laws, 4655.) By the act of Congress, March 3, 1885 (23 Stats. 385, c. 341; sec. 9), it is provided that all Indians committing, against the person of another Indian, murder and certain other designated crimes, "within the boundaries of any state of the United States, and within the limits of any Indian reservation, shall be subject to the same laws, tried in the same courts and in the same manner, and subject to the same penalties, as are all other persons committing any of the above crimes within the exclusive jurisdiction of the United States." The provisions of this federal statute were sustained as constitutional in the case of *U. S.* v. *Kagama, et al.*, 118 U. S. 375, 6 Sup. Ct. 1109, 30 L. Ed. 228.

It is claimed by counsel for appellant that under the provisions of the statute of this state, where the offense is committed by one Indian against another Indian, it is essential that the indictment charge, and the proof upon the part of the state show, that the offense was committed off an Indian reservation. In this contention we are unable to agree with appellant's counsel. The jurisdiction of the state courts over Indians within its borders is made general, subject only to the exception where the offense is committed by one Indian against another upon an Indian reservation. The jurisdiction of the federal courts to try certain and specified offenses, including murder, committed by Indians is not general, but is limited only to cases where the offense was committed upon

an Indian reservation, which special and limited jurisdiction is within the exception of the state statute. Where the state jurisdiction is general, and that of the federal government is special and limited, it is not necessary, in a prosecution in the state court, to negative the jurisdiction of the United States, nor is it incumbent upon the state to prove further than that the offense was committed within the county. The reverse would doubtless be the case in the federal courts. (*U. S.* v. *Ward*, 42 Fed. 320.)

The principle here involved is analogous to that considered in the case of *State* v. *Ah Chew*, 16 Nev. 50, 40 Am. Rep. 488, wherein this court, by Hawley, J., said: "Appellant's counsel argue that this indictment does not state an offense, because it does not show that the defendant is not within the exceptions specified in the statute. They claim the rule to be that, if there is an exception in the enacting clause, the prosecution must negative the exception, and state in the indictment that the defendant is not within it. The principle decided in *State* v. *Robey*, 8 Nev. 321, is adverse to this rule. There are cases cited in Wharton's Crim. Law, secs. 378, 379, where the language employed would seem, at first blush, to sustain the position contended for by appellant. But from a careful examination of all the authorities upon this subject, we are of the opinion that it is only necessary, in an indictment for a statutory offense, to negative an exception to the statute, when that exception is such as to render the negative of it an essential part of the definition or description of the offense charged. * * * The question is one not only of pleading, but of evidence; and, where the exception need not be negatived, it need not be proven by the prosecution."

A number of courts have had occasion to consider the identical question here presented. In the case of *People* v. *Collins*, 105 Cal. 504, 39 Pac. 16, the court said: "The jurisdiction of the state being general, and that of the United States exceptional, it is not necessary to negative, in an indictment or information in the state courts, the jurisdiction of the federal courts. It is like an exception in an act creating or defining a public offense, in which case it is held that

if the exception is not necessary to the description of the offense, it need not be alleged or negatived, but it is a matter of defense simply."

In the case of *State* v. *Tully*, 31 Mont. 365, 78 Pac. 760, 3 A. & E. Ann. Cas. 824, the Collins case, *supra*, was cited and followed, also the case of *State* v. *Spotted Hawk*, 22 Mont. 43, 55 Pac. 1028, wherein that court said: "Counsel for defendant insist that the information does not state facts sufficient to show that the court had jurisdiction. After stating the facts sufficient to charge the defendant with murder, it contains the following allegations: 'That all of the defendants are Cheyenne Indians, and that said Hoover was a white man, and was, at the time and place of the murder, within the County of Custer, and not within the limits of any Indian reservation.' Defendant claims that this is a necessary allegation; but, inasmuch as there is within Custer County the Fort Keogh Military Reservation, the information should also show that the crime was not committed there. The information is in conformity with the statute. The district court has general jurisdiction of all felonies committed within the limits of the county where it sits. The allegation quoted *supra* is surplusage. If the defendant should be charged with crime committed out of the court's jurisdiction, this is a matter to be taken advantage of at the trial."

In *State* v. *Williams*, 13 Wash. 335, 43 Pac. 15, a case directly in point, that court said: "It is further insisted that the demurrer should have been sustained, because it appears from the information that the accused is an Indian, and also that the person alleged to have been killed was an Indian; that the Swinomish Indian Reservation lies within the limits of the County of Skagit, and that the court will take judicial notice of the existence and boundaries of said reservation. We do not think the objection is well taken. 'Prima facie, all persons within the state are subject to its criminal laws, and within the jurisdiction of its courts. If an exception exists, it must be shown. (*State* v. *Ta-cha-na-tah*, 64 N. C. 614.)' * * * Our investigations of the authorities lead us to conclude * * * that an information, filed in the superior court of a county containing within its limits the

part or a whole of an Indian reservation, against a person who is described in the information as an Indian, need not, in order to confer jurisdiction, aver either that such person does not sustain tribal relations, or that such offense was not committed within the limits of such reservation." See, also, *Pablo* v. *People*, 23 Colo. 134, 46 Pac. 636, 37 L. R. A. 636; *State* v. *Ta-cha-na-tah*, 64 N. C. 614; 22 Cyc. 148.

Counsel for appellant contends that there is evidence in the record which "tends to show that the alleged offense was committed on an Indian reservation at Camp McDermitt, and there is no evidence to the contrary." The evidence upon the question of the location of the place where the homicide was committed is to the following effect: That it occurred at Ox Sam's house, about a quarter of a mile from the Indian day school at McDermitt, in Humboldt County. There is nothing in the testimony showing that the Indian school is on an Indian reservation, much less any showing that Ox Sam's house was within the lines of such reservation. The burden of showing these facts, if they existed, was upon the defendant, unless it was a case such that the court would take judicial notice of the existence of a lawfully established and defined Indian reservation.

No error appearing in the record, the judgment is affirmed, and the district court is directed to fix a time and make all necessary orders for having its sentence carried into effect by the warden of the state prison.