On appellant's petition for reconsideration filed January 11, reconsideration allowed and former decision (93 Or App 781, 764 P2d 625) adhered to April 26, petition for review denied June 27, 1989 (308 Or 158)

STATE OF OREGON,
*Respondent,*

*v.*

PATRICK MERLE WILLARD,
*Appellant.*

(33256A; CA A48345)

772 P2d 948

Craig T. Johnson, Lake Oswego, for petition.

No appearance *contra.*

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

█ Defendant appealed his conviction for driving under the influence of intoxicants. ORS 813.010. We affirmed without opinion. 93 Or App 781, 764 P2d 625 (1988). Defendant has filed a petition for Supreme Court review, which we treat as one for reconsideration. ORAP 10.10. The case was tried in a district court in Washington County, Oregon, before an Oregon district court judge. The Oregon State police officer who arrested defendant testified that the arrest took place on the Nyberg Road exit from Interstate 5 in "Washington County." There was no other direct evidence that defendant committed his act in Oregon or that Washington County is located in Oregon. The trial court denied defendant's motion for judgment of acquittal at the close of all of the evidence, saying "the court will take judicial notice that [the place of arrest] is in the State of Oregon."

In his petition, defendant says:

> "The Court of Appeals, by its decision, implicitly authorized the lifting of the burden of proof on one of the material elements of the offense—jurisdiction and venue—from the prosecution by approving of the trial court's action in taking judicial notice that the offense charged took place in Washington County, State of Oregon."

Defendant's argument is based on the premise that, when the trial court, sitting as the trier of fact, took judicial notice of where the "Washington County" testified about is located, it necessarily decided that the fact noticed had been proved conclusively. Of course, a trial judge, sitting as a trier of fact, is no more entitled to treat a judicially noticed fact as conclusively proven in a criminal case than would be a jury. OEC 201(g)(2) requires that a trial court instruct the jury in a criminal case that it may, but is not required to, accept as conclusive any fact judicially noticed in favor of the prosecution. That is, the jury, as the trier of fact, is entitled to reject judicially noticed facts. The trial court, sitting as the trier of fact in a criminal case, is entitled, as is a jury, to treat judicially noticed facts as evidence. Nothing in the record of this case compels the conclusion that the trial court did anything more.

█ The trial court, in response to defendant's motion for judgment of acquittal, took judicial notice that the location of defendant's driving, as described by the arresting officer,

corresponded to a location in Washington County, Oregon, the situs of the trial court. Under OEC 201(g)(2), the mere fact that the court took that notice does not constitute a *conclusive* determination by the court that the "Washington County" within whose judicially noticed boundaries defendant's driving occurred is Washington County, Oregon. In denying defendant's motion for a judgment of acquittal, the court determined that there was sufficient evidence to prove defendant's guilt beyond a reasonable doubt, including the proper venue. After doing so, the trial judge, as the trier of fact, decided the issue against him, as a matter of fact.

Reconsideration allowed; former opinion adhered to.