796 P.2d 1040

**SAFECO INSURANCE COMPANY OF AMERICA, Plaintiff–Respondent,**

v.

**David YON; Joe Bussell, Sr.; Lorna Vasquez; and Joe Bussell, Sr. as guardian ad litem for Joe Bussell, III, Rebecca Jo Bussell and Pennie Marie Miller, Minors, Defendants–Appellants.**

No. 18130.

Court of Appeals of Idaho.

Aug. 30, 1990.

Michael J. Vrable, Hayden, for defendant-appellant Yon.

Thomas A. Mitchell, Coeur d'Alene, for remaining defendants-appellants.

Huppin, Ewing, Anderson, P.S., Coeur d'Alene, for plaintiff-respondent. Irving "Buddy" Paul argued.

WALTERS, Chief Judge.

This appeal involves the question of whether collateral estoppel forecloses consideration in a civil action of an issue previously resolved in a criminal case. We are asked to decide whether the district court properly determined that the appellants were precluded from asserting, in an action to recover damages for wrongful death, that David Yon did not intend to kill Joe Bussell, Jr., after Yon had been convicted of second degree murder for causing the death of Bussell. Appellants, Yon and Bussell's heirs,[1] maintain that the issue of intent in a civil trial is separate and distinct from the issue of intent in a criminal trial. Bussell's heirs also maintain that they were not parties to the criminal trial and consequently the doctrine of collateral estoppel should not apply to them. We affirm the decision of the district court granting summary judgment on the basis of collateral estoppel.

On January 3, 1987, David Yon shot and killed Joseph Bussell, Jr. Yon was charged with second degree murder in connection with the killing. At trial, Yon maintained he was innocent. He testified that Bussell had confronted him with a pistol while he was napping, a struggle for the weapon ensued, and that the gun discharged during the struggle, resulting in Bussell's death. However, the jury rejected Yon's defense and found him guilty of second degree murder. We upheld that verdict on appeal. *State v. Yon*, 115 Idaho 907, 771 P.2d 925 (Ct.App.1989).

At the time of the shooting, Yon was insured under a homeowner's policy issued by Safeco. Bussell's heirs filed a wrongful death action against David Yon seeking to attach the insurance policy assets. The Safeco policy contained a standard exclusion for bodily injury "expected or intended by any insured." Safeco filed this action seeking a declaratory determination that it had no duty to defend and indemnify Yon in the wrongful death action. Safeco moved for summary judgment. Safeco maintained that because Yon was convicted of second degree murder in the killing his conduct was "intended" for the purposes of

1. We distinguish Yon and the heirs of Joe Bussell, Jr., the victim. While they all are defendants in this declaratory action, their rights under collateral estoppel are distinct. *See,* discussion under section II, *infra.* The heirs of Joe Bussell, Jr., will be referred to as Bussell's heirs when it is necessary to distinguish them from Yon. Otherwise, they shall be referred to collectively as the appellants.

the exclusionary clause and, accordingly, Safeco was not liable under the policy. Therefore, Safeco asserted, the appellants were collaterally estopped from raising that issue again in a civil trial. After taking judicial notice of the record in the criminal case, the district court agreed with Safeco and granted Safeco's motion for summary judgment. Yon and Bussell's heirs appeal. We affirm.

■ Preliminarily we note the standard for reviewing the trial court's decision granting summary judgment. We must examine the record and determine whether there is a genuine issue of any material fact and whether the moving party is entitled to judgment as a matter of law. I.R. C.P. 56(c). In examining the record, we must liberally construe all facts in favor of the non-moving party, drawing all reasonable inferences in favor of such party. *Anderson v. City of Pocatello*, 112 Idaho 176, 731 P.2d 171 (1987). However, the question of whether the trial court properly applied collateral estoppel or issue preclusion is a question of law which we review freely. *Aldape v. Akins*, 105 Idaho 254, 668 P.2d 130 (Ct.App.1983) *(review denied )*.

■ Appellants maintain that the district court erred when it held, as a matter of law, that the issue of intent was decided in the criminal action thereby precluding them from relitigating the issue in the civil trial. The Idaho Supreme Court has held that collateral estoppel should apply when the following questions have been answered affirmatively: (1) Did the party against whom the earlier decision is asserted have a full and fair opportunity to litigate that issue in the earlier case? (2) Was the issue decided in prior litigation identical with the one presented in the action in question? (3) Was the issue actually decided in the prior litigation? (4) Was there a final judgment on the merits? (5) Was the party against whom the plea is asserted a party in privity with the party to the prior adjudication? *Anderson v. City of Pocatello, supra,* 112 Idaho at 183–184, 731 P.2d at 178–179. Appellants base their appeal on questions two and five. They maintain the district court

erred in deciding that the issue of intent in the criminal trial is identical with the issue of intent necessary in determining whether the insurance policy exclusion applies in the wrongful death action. In addition, Bussell's heirs argue that collateral estoppel should not apply to them in particular because they were not parties to the previous criminal action. We address each issue in turn.

**I**

■ We begin our analysis by addressing the appellants' argument that the issue of intent decided in the criminal trial is separate and distinct from the issue which must be decided when interpreting an intentional conduct exclusion in an insurance contract. In Idaho, the elements necessary for the prosecution to prove the crime of murder in the second degree are: (a) an unlawful killing, (b) the intent to kill, and (c) malice. *State v. Atwood*, 105 Idaho 315, 669 P.2d 204 (Ct.App.1983). Because the intent to take a life is an essential ingredient of second degree murder, it is manifest that when the jury found Yon guilty of second degree murder, the jury also concluded that Yon intended to kill Bussell.

However, the appellants maintain that the question of intent—for the sake of interpreting an insurance exclusionary clause—is different from the question decided in the criminal action. They cite *Farmers Insurance Group v. Sessions*, 100 Idaho 914, 607 P.2d 422 (1980), as authority for this position. In *Sessions* the Court interpreted an intentional-conduct exclusion clause relieving the insurance company from liability for "bodily injury or property damages caused wilfully, intentionally or maliciously by ... the insured...." Our Supreme Court rejected the trial court's interpretation of the clause to the effect that the insured only need *intend to do the act* which resulted in the injury. Rather, the Court held, for the intentional conduct exclusion to operate, that the insurance company must be able to show its insured *acted for the purpose of causing injury* in the person or property which resulted. See also, *Maxson v.*

*Farmer Insurance of Idaho, Inc.*, 107 Idaho 1043, 695 P.2d 428 (Ct.App.1985); *Rajspic v. Nationwide Mutual Insurance Co.*, 110 Idaho 729, 718 P.2d 1167 (1986). The appellants contend that this "subjective intent" analysis—when interpreting intentional conduct exclusion clauses in insurance contracts—is distinct from the issue of intent decided in a second degree murder trial. In this context, we disagree.

The appellants maintain in this case that the question of whether Yon subjectively intended to injure Bussell is a question of fact which precludes summary judgment. They also argue that the intent to bring about a specific result or injury issue was left undecided in the criminal trial. To buttress their argument, the appellants point out that the jury was instructed, when determining whether Yon's conduct was "willful," to keep in mind that "the word does not require in its meaning any intent to violate the law, *or to injure another*, or to acquire any advantage." (Emphasis added). *See* I.C. § 18–101. Appellants submit that the jury, as a consequence of the above instruction, only had to determine that Yon had the intent to commit the act. Appellants contend that for the operation of an insurance exclusion to apply, the insured must have intended to injure another, contrary to the emphasized portion of the instruction. This argument is misleading. The jury in the criminal trial also was instructed that malice is a necessary element for second degree murder. We note that malice is defined by statute as importing "a wish to vex, annoy, or injure another person, or an intent to do a wrongful action...." I.C. § 18–101. The jury was further instructed that "[s]uch malice may be express or implied. It is express when there is manifested a deliberate intention unlawfully to take away the life of a fellow creature. It is implied when no considerable provocation appears, or when the circumstances attending the

killing show an abandoned and malignant heart." *See* I.C. § 18–4002. Through this definition, the jury—in finding Yon guilty of second degree murder—necessarily found that Yon intended to achieve the result obtained, the death of Bussell, when he pulled the trigger.

It should be noted that Yon maintains, as he did in his criminal trial, that he never intended to shoot Bussell; instead the gun went off during the struggle and he has no recollection of the exact circumstance. It is apparent that the jury in the criminal case rejected these factual assertions when it found Yon guilty. It is equally clear the jury concluded that Yon wished or intended to kill Bussell when he pulled the trigger. Accordingly, we conclude that the issue of whether Yon intended to harm or injure Bussell was decided in the criminal trial for collateral estoppel purposes. *State Farm Fire and Casualty Co. v. Abraio*, 874 F.2d 619 (9th Cir.1989); *State Farm Fire and Casualty Co. v. Estate of Jenner*, 874 F.2d 604 (9th Cir.1989); *Fire Insurance Exchange v. Abbott*, 204 Cal.App.3d 1012, 251 Cal.Rptr. 620 (1988). *Accord, White v. Univ. of Idaho*, 115 Idaho 564, 768 P.2d 827 (Ct.App.1989), *aff'd* 118 Idaho 400, 797 P.2d 108 (1990); *Compare Clemmer v. Hartford Ins. Co.*, 22 Cal.3d 865, 151 Cal.Rptr. 285, 587 P.2d 1098 (Cal.1978) (where the defendant, after having been adjudged guilty of second degree murder, withdrew his guilty plea by reason of insanity, the California Supreme Court decided that the wrongful-death claimants had not had the opportunity to fully and fairly litigate the issue of defendant's willfulness). *See also Patrons–Oxford Mutual Insurance Co. v. Dodge*, 426 A.2d 888 (Maine 1981) (holding that the issue of intent had not been decided in the prior criminal action because the defendant's conduct could have been based on reckless behavior).[2]

---

**2.** Appellants submit that Idaho has adopted a two-prong test in determining whether the insurance exclusion clause is valid. Appellants argue that under the first prong intent is defined as the insured's actual subjective desire to cause harm. Under the second prong the insurer must prove that the insured had an intent as

a matter of law when the nature and circumstances of the insured's intentional act were such that harm was substantially certain to result. *See, e.g., Maxson v. Farmer's Insurance of Idaho*, 107 Idaho 1043, 695 P.2d 428 (Ct.App. 1985). This is an interesting interpretation of the *Maxson* and *Sessions* opinions. It is unclear

## II

We next examine whether the party against whom collateral estoppel is asserted was a party, or in privity with a party, to the prior adjudication. Yon, a defendant in this action, was the defendant in the criminal adjudication. Because we have determined that the issue in the criminal action is identical to the issue to be decided in interpreting the insurance exclusion clause, Yon clearly is barred from relitigating the issue of whether he expected or intended to harm Bussell.[3]

However, Bussell's heirs, the remaining defendants in this declaratory action, were not parties in the criminal action. It would be a violation of due process for a judgment to be binding on a litigant who was not a party or privy and therefore has never had an opportunity to be heard. *Parklane Hosiery Company, Inc. v. Shore*, 439 U.S. 322, 327, n. 7, 99 S.Ct. 645, 649, n. 7, 58 L.Ed.2d 552 (1979). Consequently our analysis must focus on whether the remaining defendants are in privity with Yon.

Privity, for collateral estoppel purposes, has been an elusive concept to define. It is clear that the litigant against whom collateral estoppel is used need not be a named party to the prior adjudication. *Duff v. Draper*, 96 Idaho 299, 527 P.2d 1257 (1974). We observe that any claims that Bussell's heirs have upon the coverage of the insurance policy stem from the contractual relationship between Safeco and Yon. Consequently, the wrongful-death claimants' rights are only as good as the rights that Yon can assert against Safeco under the insurance contract. Therefore, in this limited context, we conclude that this relationship is sufficient to constitute "privity" for the purposes of collateral estoppel. *See Clemmer v. Hartford Insurance Co.*, 22 Cal.3d 865, 151 Cal.Rptr. 285, 587 P.2d 1098 (1978); *State Farm Fire and Casualty v. Reuter*, 299 Or. 155, 700 P.2d 236 (1985); *New Jersey Manufacturers Ins. Co. v. Brower*, 161 N.J.Super. 293, 391 A.2d 923 (1978); *Aetna Life and Casualty Ins. Co. v. Johnson*, 207 Mont. 409, 673 P.2d 1277 (1984); *Contra, Massachusetts Property Insurance Underwriting Assoc. v. Norrington*, 395 Mass. 751, 481 N.E.2d 1364 (1985) *citing* RESTATEMENT OF JUDGMENTS § 85, illustration 10 (1982).

Intertwined with the concepts of privity for collateral estoppel purposes, we must determine that the requirements of due process have been met with regard to the wrongful death claimants in this case. In the collateral estoppel context, due process requires that, to be estopped, the party must have had an identity or community of interest with, and adequate representation by, the losing party in the first action. Also the circumstances must have been such that the party to be estopped should reasonably have been expected to be bound

---

whether or not the Idaho courts have adopted such an interpretation. At least one other jurisdiction has adopted such a test for interpreting almost identical policy language. The Missouri Court of Appeals has found that

> [i]njury or damage is intentional if the insured acts with the specific intent to cause harm *or* if the insured's intent to harm is inferred as a matter of law from the nature or character of the act.... Intent to harm is inferred if the natural and probable consequences of an act are to produce harm. (Emphasis added)

*Travelers Insurance Co. v. Cole*, 631 S.W.2d 661, 664 (Mo.App.1982); *see also, American Family Mutual Insurance Co. v. Nickerson*, 657 F.Supp. 2 (E.D.Mo.1986). According to the above language, appellants' characterization of the test as a two-prong test is incorrect. Rather, the use of the disjunctive "or" indicates that either rule which is found to apply will invoke the exclusion. Nevertheless, we find that both prongs of the purported two-prong test are satisfied in this case. We conclude that the jury in the criminal trial necessarily had to determine that Yon intended to cause the injury to Bussell when he pulled the trigger. We also infer as a matter of law that the natural and probable consequences of Yon's conduct were to produce the death of Bussell.

3. Formerly, collateral estoppel could be applied from issues determined in prior criminal convictions in subsequent civil suits only if the parties to both adjudications were the same. This mutuality requirement has been discarded by the United States Supreme Court and the Idaho Supreme Court. *Parklane Hosiery Company, Inc. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *Anderson v. City of Pocatello*, 112 Idaho 176, 731 P.2d 171 (1987). Consequently the fact that Safeco is a party to the civil action is not an issue.

by the prior adjudication. *Clemmer v. Hartford Insurance Co., supra,* 587 P.2d at 1102. When applying this rule we are mindful of equitable factors, such as whether it would be generally unfair in the second case to use the result of the first case, whether assertion of the plea of estoppel by a stranger to the judgment would create anomalous results, whether the party adversely affected by the collateral estoppel offers a sound reason why he should not be bound by the judgment, and whether the first case was litigated strenuously or with vigor. *See Idaho State University v. Mitchell,* 97 Idaho 724, 552 P.2d 776 (1976).

With these considerations in mind we now examine the relationship of the parties in this case. We are immediately struck with the irony of the situation regarding David Yon, a convicted murderer, and the heirs of Joe Bussell, Jr., the murderer's victim, as being co-defendants in the present action. We cannot help but notice the inconsistency that the heirs of the victim should now be proclaiming that the murderer's conduct was negligent after he was found guilty beyond a reasonable doubt by a jury of his peers for murder in the second degree. The only unfairness which would occur would be if collateral estoppel did not apply and Safeco was then obligated to defend an issue that had already been decided in a criminal case with a much higher standard of proof. As noted above, any rights Bussell's heirs have to the proceeds of the insurance policy derive solely from rights Yon can claim. In that regard the defendants share an identity of interest. The defendants in the present action have offered no sound reason why they should not be bound by the judgment in the criminal action. Furthermore, as shown by the direct appeal from Yon's conviction, *State v. Yon, supra,* it is clear that Yon strenuously defended on the criminal action. Consequently, we conclude that no due process rights were violated by the application of collateral estoppel against Bussell's heirs in this case.

In sum, we conclude that the trial court correctly applied collateral estoppel. The issue decided in the criminal action is the same issue which would be decided in the civil action. We also conclude that the defendants in this action either were parties or were in privity with parties in the prior action. As a consequence, we affirm the district court's grant of summary judgment to Safeco in this declaratory action.

Costs to respondent Safeco; no attorney fees awarded on appeal.

SWANSTROM, J., and WINMILL, J., pro tem., concur.