862 P.2d 1093

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Dion J. SMITH, Defendant–Plaintiff.**

No. 19536.

Court of Appeals of Idaho.

Oct. 27, 1993.

---

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for appellant. Myrna A.I. Stahman argued.

Strom & Longeteig, Craigmont, for respondent. Wilfried W. Longeteig argued.

WALTERS, Chief Judge.

The state appeals from the post-trial order dismissing the criminal charges against Dion Smith for failure to allege facts sufficient to establish subject matter jurisdiction. The state asserts the district court erred by not taking judicial notice that U.S. Highway 95 is maintained by the state—a jurisdictional fact which was not in evidence. For the reasons specified below, we reverse the order of the district court and remand the case for further proceedings.

By an information dated November 5, 1987, the state charged Dion J. Smith with two offenses, leaving the scene of an injury accident (I.C. § 18–8007) and aggravated driving under the influence (I.C. § 18–8006). At the trial, the state presented evidence supporting the allegations of the information: that the alleged crimes arose from Smith's operation of a motor vehicle on U.S. Highway 95, at Milepost 301.24, near Lapwai, in Nez Perce County, Idaho. The evidence also showed that U.S. Highway 95 at this location was within the boundaries of the Nez Perce Indian Reservation and that Smith is an enrolled member of the Nez Perce Indian Tribe.

At the close of the evidence, Smith moved under I.C.R. 12(b)(2) to dismiss the information for failing to show jurisdiction of the court and he moved for judgment of acquittal under I.C.R. 29(a). Because the proof showed that the crimes were alleged to have been committed by an "Indian in Indian Country," the state court's subject matter jurisdiction became an issue.

In order to establish jurisdiction of the State of Idaho concerning a crime arising in Indian country, the prosecution had the burden to show that the criminal laws which the state was seeking to enforce fell within those matters described in I.C. § 67–5101. *State v. Major*, 111 Idaho 410, 418, 725 P.2d 115, 123 (1986). The applicable parts of the statute in this case are as follows:

The state of Idaho, in accordance with the provisions of 67 Statutes at Large, page 589 (Public Law 280) hereby assumes and accepts jurisdiction for the civil and criminal enforcement of state laws and regulations concerning the following matters and purposes arising in Indian country located within this state, as Indian country is defined by title 18, United States Code 1151, and obligates

and binds this state to the assumption thereof:

.    .    .    .    .

G.    Operation and management of motor vehicles upon highways and roads maintained by the county or state, or political subdivision thereof.

This statute, in conjunction with federal law, confers jurisdiction on the state to enforce state laws concerning the operation and management of motor vehicles upon highways and roads within the Nez Perce Indian Reservation which are maintained by the county or state, or political subdivisions thereof. *State v. McCormack*, 117 Idaho 1009, 793 P.2d 682 (1990); *State v. Michael*, 111 Idaho 930, 729 P.2d 405 (1986); *State v. Fanning*, 114 Idaho 646, 759 P.2d 937 (Ct.App.1988). *See also State v. Snyder*, 119 Idaho 376, 807 P.2d 55 (1991).

The state asked the district court to take judicial notice that U.S. Highway 95 was a public highway and maintained by the state. The district judge refused to take judicial notice that U.S. Highway 95 is maintained by the state because he could "not say as a fact who maintains the highway at that point," but nevertheless he submitted the case to the jury. The jury returned guilty verdicts on both charges.

Following the trial, defense counsel renewed his motion to dismiss the felony convictions on jurisdictional grounds and his motion for acquittal under I.C.R. 29(c). The district judge found that "[n]owhere is it pleaded or proven that this stretch of [U.S. Highway 95] is one maintained by the state of Idaho." From this, he concluded that there was a lack of subject matter jurisdiction as to the offenses charged against Dion Smith. The district judge vacated the sentencing hearing, and after due consideration of the extensive briefing by the parties, granted the dismissal in an order dated August 15, 1991. The state appealed on the issue of jurisdiction only, which is a question of law over which we exercise free review. *Matter of Hanson*, 121 Idaho 507, 509, 826 P.2d 468, 470 (1992), citing *Safeco Ins. Co. of America v.*

*Yon*, 118 Idaho 367, 796 P.2d 1040 (Ct.App. 1990).

The state argues on appeal that it was error for the district court not to take judicial notice that U.S. Highway 95 is maintained by the State of Idaho. The state asserts that the issue of the maintenance of U.S. Highway 95 is a jurisdictional fact and thus not governed by I.R.E. 201, which formed the basis of the district court's refusal to take judicial notice. The state argued that I.R.E. 201 provides for judicial notice of adjudicative facts, which ultimately are to be resolved by a jury, and that the district court improperly relied upon the rule where the significance of jurisdictional facts is a legal issue.

We start our analysis of the jurisdictional issue with the applicable language of I.C. § 67–5101(G). It is clear, for the issue we must decide, that by the enactment of this statute the State of Idaho assumed jurisdiction for the criminal enforcement of state laws within the Nez Perce Indian Reservation boundaries concerning the "[o]peration and management of motor vehicles upon highways and roads maintained by the county or state, or political subdivisions thereof." To satisfy the jurisdictional requirements, the state need only show that Smith was, at the time and place of the alleged crime, operating a motor vehicle upon a highway or road "maintained by the county or state, or political subdivisions thereof." We hold that the state met this burden.

Here, for the purpose of this appeal, it is conceded the evidence at trial showed that Dion Smith was operating a motor vehicle upon U.S. Highway 95, within Nez Perce County, Idaho, as alleged in the information. On its face, therefore, the information alleged facts showing that the Idaho trial court had jurisdiction. The evidence, however, also showed that U.S. Highway 95 where these acts occurred is within the boundaries of the Nez Perce Indian Reservation. No evidence was admitted at trial to show who "maintained" U.S. Highway 95 at this location. Nevertheless, the stat-

utes make it clear who had the duty to maintain the highway.

Idaho Code § 40–201 states:

> There shall be a system of state highways in the state, a system of county highways in each county, a system of highways in each highway district, and a system of highways in each city, except as otherwise provided. The improvement of highways and highway systems is hereby declared to be the established and permanent policy of the state of Idaho, and the duty is hereby imposed upon the state, and all counties, cities, and highway districts in the state, to improve and maintain the highways within their respective jurisdiction as hereinafter defined, within the limits of the funds available.

Idaho Code §§ 40–202, 40–203, 40–203A and 40–203B describe how counties and highway districts may establish highway systems of their own within their "respective jurisdiction[s]." These statutes provide also that, by agreement, maintenance duties may be shifted among the state, counties, cities and highway districts on certain highways, but those provisions do not concern us in the present case because here the state had "jurisdiction" to prosecute these criminal cases if the highway in question was maintained by either "the county or state, or political subdivisions thereof." I.C. § 67–5101(G).

Idaho Code § 40–120(4) defines "State highway system" to mean "the principal highway arteries in the state, including connecting arteries and extensions through cities, and includes roads to every county seat in the state." This definition alone coupled with common knowledge of the area's highways would lead to the indisputable conclusion that U.S. Highway 95 is one of "the principal highway arteries in the state" and, therefore, is part of the "State highway system."

If there was any question that, as a matter of law, the state had the duty to maintain U.S. Highway 95 within state boundaries, the trial court could have taken judicial notice of the "Official Highway Map" which the Idaho Transportation Department periodically issues and widely distributes for the convenience of motorists. This readily available map designates the entire length of U.S. Highway 95 within the state as a "principal" highway, thereby indicating that it is part of the state highway system within the meaning of I.C. § 40–120(4). While these maps may not be conclusive on the subject, they are reliable authority that U.S. Highway 95 is one of the principal highways being maintained by the state as part of the state highway system. See I.C. § 40–310(2).[1]

It follows from these statutes we have discussed that the State of Idaho, through its Department of Transportation, has the duty to maintain U.S. Highway 95 within the boundaries of the State. Moreover, "[i]n Idaho, as in most states, there is a presumption of regularity in the performance of official duties by public officers." *Horner v. Ponderosa Pine Logging*, 107 Idaho 1111, 1114, 695 P.2d 1250, 1253 (1985), *citing Farm Bureau Finance Company, Inc. v. Carney*, 100 Idaho 745, 750, 605 P.2d 509, 514 (1980). *See also State v. Wendler*, 83 Idaho 213, 218, 360 P.2d 697, 699 (1961) ("The law presumes that the board of highway directors discharged its duty lawfully and in the manner prescribed by statute."). Based on the presumption that the state does maintain U.S. Highway 95 within the Nez Perce Indian Reservation, we conclude that the state made a prima facie showing that the court had subject matter jurisdiction to try the charged offenses.

It is true that the state's statutory duty to maintain all sections of U.S. Highway 95 may have exceptions. As noted, by agreement with other governmental agencies,

---

1. In an analogous situation involving the admission in evidence of an order of the state highway directors designating 35 miles per hour as the reasonable, safe, prima facie speed limit in an area upon U.S. Highway 30, the Idaho Supreme Court stated in no uncertain terms that it was proper for the courts to take judicial notice not only of the order in question, but also *"of the fact that the section of highway to which it relates is a part of the 'state highway system.'"* State v. Wendler, 83 Idaho 213, 218, 360 P.2d 697, 700 (1961).

the duty to maintain sections of highways within cities, counties or other governmental jurisdictions may be altered. However, the state does not shoulder the burden of proving the *lack* of any such exceptions. Rather, the state can rely upon the statutory duty it has to maintain the highway and upon the presumption which flows from that duty. The state should not be required to prove a negative under these circumstances.

Once the state has made a prima facie showing of facts establishing the court's jurisdiction, the burden of coming forward with evidence to show that some exception exists is upon the defendant. The ultimate burden of persuasion never shifts from the state. Any substantial evidence showing that U.S. Highway 95 within the Nez Perce Indian Reservation boundaries was not "maintained by the county or state, or political subdivisions thereof," would suffice to dispel the presumption. It would then be the state's burden to produce evidence which would persuade the trier of the fact that jurisdiction had been proven. This case never reached that stage.

In this case, no evidence was produced from any source to show that some other entity or agency besides the state was involved in the maintenance of any part of U.S. Highway 95. A mere showing that U.S. Highway 95 passes through the Nez Perce Indian Reservation and that the accident occurred within the boundaries of the Reservation is not evidence that the state's duty to maintain the highway at the location of the accident is being ignored or that any other governmental entity has assumed the duty by agreement with the state.

Because the state made a prima facie showing of jurisdiction and the defendant did nothing to rebut the showing, the court was in error in dismissing the case on the ground that "the State has failed to prove subject-matter jurisdiction." Accordingly, we reverse the order of the court and remand the case for further proceedings consistent with this opinion.

SILAK, J., Acting Judge, concurs.

SWANSTROM, Judge Pro Tem, dissenting:

For the following reasons I respectfully dissent from the above opinion.

Generally, the state's burden of proving jurisdictional facts is met if the state satisfies the requirements of I.C. § 19–301. The statute provides:

> **19–301. All offenders liable to punishment.**—(1) Jurisdiction—venue. Every person is liable to punishment by the laws of this state, for a public offense committed by him therein, except where it is by law cognizable exclusively in the courts of the United States. Evidence that a prosecutable act was committed within the state of Idaho is a jurisdictional requisite, and *proof of such must be shown beyond reasonable doubt.*
>
> (2) Venue is nonjurisdictional. Proof that venue is proper under this chapter is satisfied if shown by a preponderance of the evidence. [Emphasis added.]

In the present case the state proved the jurisdictional facts required by the statute. Having done so, it could be argued that the state need produce no further proof of its subject-matter jurisdiction. Indeed, at trial the state contended that it had proved all facts necessary to show that the state had subject-matter jurisdiction and that it had no further burden to prove who maintained the highway. The state cited no authority at the time to support its contention. Later, after the jury returned its verdicts, the state urged the district court to take judicial notice of who maintains U.S. Highway 95 where the accident occurred. Although the failure to take judicial notice is the only issue raised by the state in this appeal, I feel it is necessary to briefly address the earlier argument made by the state asserting a position which has been taken by some other courts but which, until now, has not been taken in Idaho in any case involving an Indian in Indian Country.

Arguably, where a state court has general subject-matter jurisdiction over the crimes charged, and the state has proven that the crimes were committed within the state, the *defendant* should have the bur-

den to produce evidence of additional facts showing that an exception exists which deprives the state of its general subject-matter jurisdiction. Here, the additional facts which the defendant introduced into evidence were (1) that Smith is an enrolled member of the Nez Perce Indian Tribe and (2) that the crimes were committed within the boundaries of the tribal reservation. These additional facts do not facially establish that the state lacks jurisdiction. The state is not deprived of its general statewide jurisdiction over these crimes merely because they were committed on an Indian reservation by an Indian. Neither the federal government nor the tribe has *exclusive* jurisdiction over crimes committed on the reservation. Thus, at the conclusion of the trial, the state's evidence showed that the state had subject-matter jurisdiction; at the same time, all of the evidence taken together did not establish any exception to the state's general subject-matter jurisdiction. There was no evidence showing that the crimes were committed upon a highway which was *not* being maintained by the state or one of its political subdivisions. There was simply no evidence as to who maintained U.S. Highway 95 within the boundaries of the reservation.

Under this posture of the proof some courts have held that the state has established its jurisdiction. *See, e.g., Pendleton v. State,* 103 Nev. 95, 734 P.2d 693, 695 (1987).

> The defendant has the burden of showing the applicability of negative exceptions in jurisdictional statutes. *State v. Buckaroo Jack,* 30 Nev. 325 [96 P. 497] (1908); *State v. Mendez,* 57 Nev. 192, 209, 61 P.2d 300, 305 (1936). Once the state produces evidence that the crime took place in the county, it is incumbent upon the defendant to prove that the incident took place on lands over which the United States has exclusive jurisdiction. *Id.* There being no such evidence in the record, we conclude that the courts of this state had jurisdiction to try Pendleton.

*Accord, State v. Vaughn,* 163 Ariz. 200, 786 P.2d 1051 (Ariz.App.1989); *People v.* *Brown,* 69 Cal.App.2d 602, 159 P.2d 686 (1945). *See also* 22 C.J.S. CRIMINAL LAW § 174, *Conflicting Federal and State Jurisdiction,* p. 212 (1989). If a rule similar to the one applied in *Pendleton, Vaughn* and *Brown* were to be applied in the present case, the district court's ruling at trial—that it had jurisdiction—would have been correct.

In this appeal, however, the state has not made any argument that it had fully met its burden at trial to show state subject-matter jurisdiction. Rather, the state apparently now concedes that in a criminal case involving an "Indian in Indian Country" the state has the burden of proving beyond a reasonable doubt every fact necessary to establish jurisdiction, including the fact that the State maintains U.S. Highway 95 within the boundaries of the Nez Perce Reservation. Indeed, numerous decisions of our Supreme Court suggest that in these circumstances the state will not have the benefit of any presumptions. In *State v. McCormack,* the Court said:

> When addressing issues of state jurisdiction in Indian Country, we are guided by the canon of construction that state and federal legislation passed for the benefit of Indians is to be construed in the Indians' favor. *State v. Major,* 111 Idaho 410, 725 P.2d 115 (1986); *Sheppard v. Sheppard,* 104 Idaho 1, 655 P.2d 895 (1982).... The law is well established that the standard of construction requires this Court to narrowly construe any statutes extending state jurisdiction over Indian Country.

117 Idaho at 1011–12, 793 P.2d at 684–85. *See also State v. Major,* 111 Idaho 410, 415, 725 P.2d 115, 120 (1986) (The burden of proof is on the state to sustain the jurisdiction of the court over an Indian in Indian country.); *State v. Allan,* 100 Idaho 918, 920, 607 P.2d 426, 428 (1980) ("Where the jurisdiction of an accused depends upon his status, his status is a question of fact to be determined by the evidence, and the burden of proof is on the government to

sustain the jurisdiction of the court by evidence.")[2]

These cases primarily involve the construction and interpretation of statutes to determine the perimeters of the state's jurisdiction in Indian country. Here, the legal perimeters of the state's jurisdiction are not disputed; rather, this is simply a dispute over how and by whom a jurisdictional fact must be proven. Nevertheless, these Idaho decisions suggest that when the state is asserting its jurisdiction over crimes committed by Indians in Indian Country our Supreme Court will not afford the state any presumption of jurisdiction. To be consistent with *McCormack, Major, Sheppard* and *Allan, supra,* the Court will require the state to prove every fact upon which that jurisdiction depends.

Smith also relies on other authority. He argues that although the district court is a court of general jurisdiction throughout the state, in effect the district court becomes a court of limited jurisdiction in respect to crimes committed on an Indian reservation. Here, I.C. § 67–5101 sets these limitations, which cannot be exceeded or ignored. Accordingly, Smith urges us to apply the following rule:

> Ordinarily, if a criminal court is one of inferior or limited jurisdiction, the record must affirmatively show such facts as

confer jurisdiction of the subject matter and person of accused, and except as statutes may provide otherwise, no presumption is ordinarily indulged in favor thereof.

22 C.J.S. CRIMINAL LAW § 174, *Presumptions,* p. 212 (1989).

At trial, the state did not convince the district court that it only had to prove—as it did—that the acts charged occurred on U.S. Highway 95, a *"public"* highway. Later, after the jury had decided the case and had been discharged and the state was again faced with Smith's motion for acquittal, the state requested the court to take judicial notice that the state did, in fact, maintain the highway. To support this later request, the state submitted unrebutted documentation and affidavits showing that the state did maintain U.S. Highway 95 throughout the entire state. The court rejected this offer of proof, holding that it came too late and that it deprived Smith of his right to have all material factual issues submitted to the jury.

In part, the court relied upon I.R.E. 201, ruling that because this is a criminal case being tried by a jury, the court was required to instruct the jury that it might, "but is not required to, accept as conclusive any fact judicially noticed."[3] On appeal,

**2.** The most recent case of our Supreme Court involving the enforcement of state criminal laws relating to the operation of motor vehicles on roads within Indian Reservations, specifically within the Nez Perce Indian Reservation, is *State v. Snyder,* 119 Idaho 376, 807 P.2d 55 (1991). This case, decided three years after the trial in the present case, is cited in the majority opinion. The decision of three Justices in *Snyder* does represent an interesting departure from the Court's cautious stance regarding state jurisdiction in *McCormack, Major* and *Allan.* However, the significant distinction between *Snyder* and the cases I rely upon in this opinion, *McCormack, Fanning, Michael, Major* and *Allan, supra,* is that only *Snyder* involves the state prosecution of a non-Indian in Indian Country. Where, as in the present case, the defendant is an Indian, I think that the Court cannot follow *Snyder* without addressing the concerns expressed therein by Justice Bistline in his dissenting opinion.

**3.** Rule 201. Judicial notice of adjudicative facts.—(a) Scope of rule. This rule governs only judicial notice of adjudicative facts.

(b) Kinds of facts. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

(c) When discretionary. A court may take judicial notice, whether requested or not.

(d) When mandatory. A court shall take judicial notice if requested by a party and supplied with the necessary information.

(e) Opportunity to be heard. A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.

(f) Time of taking notice. Judicial notice may be taken at any stage of the proceeding.

(g) Instructing jury. In a civil action or proceeding, the court shall instruct the jury to accept as conclusive any fact judicially noticed. *In a criminal case, the court shall instruct the jury that it may, but is not required to, accept*

the state argues that it was error for the district court to rely on I.R.E. 201 in refusing to take judicial notice that U.S. Highway 95 is maintained by the State of Idaho. The state asserts that who maintains U.S. Highway 95 is a "jurisdictional" fact and thus not governed by I.R.E. 201. The state argued that I.R.E. 201 only governs judicial notice of adjudicative facts, which ultimately are to be resolved by a jury, and that the district court improperly relied upon the rule where the significance of jurisdictional facts is a legal issue. The district court ultimately was not persuaded by this argument, and neither am I.

The state also suggests that the issue of taking judicial notice was timely addressed at trial, before the case was given to the jury. That may be true, but not because the state made any timely request for judicial notice to be taken; the record merely shows that the defendant anticipated such a request would be made. As noted, at that time the state was asserting it had no burden to prove additional facts. Moreover, at that time the state provided no legal or factual arguments which indicated the basis for the requested judicial notice, except that U.S. Highway 95 within the Reservation was a "public highway." On that record the court was correct in announcing that it could not take judicial notice of who was maintaining Highway 95.

Had the state timely made the request and provided the court with readily available information as to maintenance of the highway by the state, the court could have submitted the judicially noticed fact to the jury with proper instructions. Had the court denied the request, the state could have moved to reopen the case to provide evidence on the missing jurisdictional fact. *See State v. Huggins*, 103 Idaho 422, 648 P.2d 1135 (Ct.App.1982), *rev'd on other grounds*, 105 Idaho 43, 665 P.2d 1053 (1983). By either of these methods the trial judge would have been able to fulfill

his responsibility to protect the rights of the accused and his "equal responsibility to the people of the State to the end that justice is not thwarted by mistake or inadvertence." *State v. Burbank*, 156 Me. 269, 163 A.2d 639, 643–644 (1960), as quoted in *State v. Cutler*, 94 Idaho 295, 486 P.2d 1008 (1971), and in *State v. Huggins*, 103 Idaho 422, 427, 648 P.2d 1135, 1140 (Ct. App.1982).

The state next argues that subject-matter jurisdiction is a legal issue which was to be decided by the court, not the jury. As noted earlier, this argument was not made to the district court until after the jury trial was finished.[4] The state's argument seems to be that while evidence sufficient to prove facts showing the court's jurisdiction must appear in the record, "jurisdictional facts" are a concern of the court only, not the jury. Therefore, I.R.E. 201(g) requiring in a criminal case that "the court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed" does not apply. *See, e.g., United States v. Bowers*, 660 F.2d 527 (5th Cir.1981); *but compare State v. Willard*, 96 Or.App. 219, 772 P.2d 948 (1989) (in a criminal trial without a jury, court took judicial notice of a jurisdictional fact, but this notice was just "evidence" of the fact and did not conclusively establish the fact so as to remove from the prosecution the burden of proving this essential element).

The state also argues that, after the trial, the state showed beyond any dispute that at the time and place in question the state maintained U.S. Highway 95. Because the evidence "conclusively" shows the state maintained the highway, even if I.R.E. 201(g) applies, the state further argues it was harmless error for the court not to submit this factual question to the jury. I am not persuaded by these arguments.

*as conclusive any fact judicially noticed.* [Emphasis added.]

**4.** As noted earlier in this opinion, at trial the judge did say "I know the State of Idaho does have [subject-matter] jurisdiction." Obviously, he later decided that his personal knowledge was not enough. Presumably, as to venue and jurisdiction, the jury was instructed only that the state had the burden to prove the crimes were committed within Nez Perce County, Idaho. *See* I.C. § 19–301, *supra.*

For reasons already explained, the state had the burden to prove beyond a reasonable doubt all facts upon which the state's jurisdiction in this case depends. That the state maintains U.S. Highway 95 within the Nez Perce Indian Reservation is a fact easily proven by the state. Moreover, it is a fact readily established beyond dispute; therefore, it is a fact which could be judicially noted by the court. If faced with a timely request for judicial notice with proper supporting documentation the court would have been on shaky ground to deny the request.

Nevertheless, the missing fact was one essential to conviction of the defendant in the district court. I agree with the district court. The defendant would be deprived of his full constitutional right to a jury trial if the jury were not permitted to find for itself that the fact was proven beyond a reasonable doubt. *See, e.g., United States v. Whitehorse,* 807 F.2d 1426 (8th Cir.1986); *United States v. Johnson,* 718 F.2d 1317 (5th Cir.1983). Therefore, if the court were to take judicial notice of the fact, it must be submitted to the jury with a suitable instruction under I.R.E. 201(g). *State v. Willard,* 96 Or.App. 219, 772 P.2d 948 (1989) (jurisdictional fact judicially noticed in a court trial is not conclusive; in dicta, noting that in a jury trial OEC 201(g)(2) would require an instruction that the jury may,

but is not required to, accept as conclusive any fact judicially noticed in favor of the prosecution).

Finally, I disagree with the state's argument that the failure to submit to the jury the question of who maintained U.S. Highway 95 within the reservation amounted to harmless error. The state has cited no authority to support this argument. The state merely notes that Smith has never contended that some particular agency, other than the state, maintains the highway. The state's argument in this case is seductive. However, to follow it would, I believe, set a dangerous precedent of allowing any "jurisdictional" fact to be decided by the court in derogation of the right to trial by jury. Accordingly, I cannot find that such an error would be harmless in the present case.

In summary, I would affirm the district court's order dismissing the case because of the state's failure to prove subject-matter jurisdiction.